**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PEDRO ROSALES-MARTINEZ, ) <br> ) <br> Defendant/Movant. ) <br> _____) | No. CIV 13-1066-TUC-CKJ <br> CR 06-1449-TUC-CKJ <br> **ORDER** |

Pending before the Court is the Motion to Vacate and Set Aside by Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Doc. 1). A response and reply have been filed.

*Procedural History*

On August 23, 2006, Pedro Rosales-Martinez ("Rosales-Martinez") was indicted on one count of Attempted Re-Entry after Deportation in violation of 8 U.S.C. § 1326, enhanced by 8 U.S.C. § 1326(b)(2), in CR 06-1449. The matter proceeded to a bench trial on April 17, 2007. This Court found Rosales-Martinez guilty.

After imposing a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on Rosales-Matinez' conviction for attempted second-degree burglary in violation of A.R.S. § 13-1507, on October 23, 2007, this Court sentenced Rosales-Martinez to a term of sixty-five (65) months in the custody of the Bureau of Prisons to be followed by a thirty-six (36) month term of supervised release. An appeal was filed.

1    The Ninth Circuit Court of Appeals issued its ruling on December 21, 2011. The court determined Rosales-Martinez' Arizona conviction for attempted second-degree burglary is not categorically a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). That court further determined that the documents considered by this Court under the modified categorical approach "do not establish that Rosales-Martinez formed the intent to commit the burglary before entering the structure, or that his entry was unlawful or unprivileged, or that he burgled an immovable structure." Reply, Ex. 1 (Doc. 6), pp. 2-3. The matter was vacated and remanded. On April 9, 2012, at the government's request, the appellate court amended its December 21, 2011, Memorandum to replace "vacated and remand" with "affirmed." The mandate was issued on January 24, 2013.

After the Memorandum had been amended to reflect the matter was affirmed, on January 30, 2013, this Court ordered that Rosales-Martinez "and/or his attorney may apply to this Court to vacate his sentence and resentence him consistent with the decision of the Ninth Circuit Court of Appeals if [Rosales-Martinez] is available for resentencing." Doc. 73. On April 19, 2013, this Court set this matter for a re-sentencing hearing and directed counsel for the government to coordinate with defense counsel to parole Rosales-Martinez into the United States for his re-sentencing. On September 11, 2013, Rosales-Martinez was re-sentenced to a term of fifteen (15) months, with credit for time served, in the custody of the Bureau of Prisons. No appeal was filed.

On September 5, 2013, prior to the re-sentencing, Rosales-Martinez filed a Motion to Vacate and Set Aside by Person in Federal Custody Pursuant to 28 U.S.C. § 2255. A response and a reply have been filed.

*Response by the Government*

The government has filed a response that only includes affirmative defenses. The government requests that, if the affirmative defenses are denied, it be allowed to file a supplemental answer. The Court finds it appropriate to consider the affirmative defenses.

- 2 -

*Timeliness of § 2255 Motion*

The government argues Rosales-Martinez' § 2255 motion is premature because the Ninth Circuit has reasoned that where the appellate court either partially or wholly reverses a conviction or sentence, or both, and expressly remands to the district court, "[u]ntil the district court enters an amended judgment of conviction [on remand], [a petitioner's] § 2255 motion is in fact premature, rather than untimely" because the district court may not "review a section 2255 motion until the direct appeal is resolved." *United States v. LaFromboise*, 427 F.3d 680, 683–84 (9th Cir. 2005) (citations omitted).

Rosales-Martinez, however, argues this case does not present a situation where the appellate court either partially or wholly reversed his conviction or sentence. Rather, at the government's urging, the appellate court amended its December 21, 2011, Memorandum to replace the words "vacated and remanded" with "affirmed." The Court agrees with Rosales-Martinez that the factual posture discussed in *LaFromboise* is not present in this case. Here, the appellate court did not reverse Rosales-Martinez' conviction or sentence and this Court is only now reviewing the § 2255 Motion – after the direct appeal has been resolved.

Moreover, even if the appeal were still pending, a consideration of whether interests of judicial economy warrant refraining from resolving this § 2255 Motion would weigh in favor of resolving the § 2255 Motion. The Court considers that the § 2255 Motion only challenges the conviction rather than the sentence. In other words, there is no overlap of the issue presented on appeal. *See United States v. Deeb*, 944 F.2d 545 (9th Cir. 1991) (consideration of whether a §2255 motion raises the same issues as raised in appeal in determining whether § 2255 motion should be dismissed); *United States v. Prows*, 448 F.3d 1223 (10th Cir. 2006) (district court should entertain § 2255 motion while appeal is pending only in extraordinary circumstances given potential conflict with the appeal). The Court also considers the circumstances of this case are sufficiently extraordinary, as alleged by Rosales-Martinez, to warrant resolving the § 2255 Motion. *See United States v. Taylor*, 648 F.2d 565, 572 (9th Cir. 1981). Specifically, Rosales-Martinez asserts that because (1) the Ninth Circuit

1 has held his Arizona conviction for attempted second-degree burglary did not qualify as a
2 burglary under the federal generic definition and (2) this conviction was the sole "basis for
3 the June 14, 2006 removal (and its underlying March 16, 2006 Order of removal) that was
4 charged in the indictment to prove that required element of illegal reentry[,]" Motion (Doc.
5 1), p. 4, Rosales-Martinez is factually innocent of the crime for which he was convicted.
6     The Court finds the § 2255 Motion is not premature.
7
8 *Custody Status of Rosales-Martinez*
9     The government argues this Court lacks jurisdiction to hear the § 2255 Motion
10 because Rosales-Martinez would not have been, was not, and is no longer in custody even
11 if the § 2255 motion had been properly filed.
12     The determination of whether a § 2255 movant is in custody is made at the time of the
13 filing of the motion. *United States v. Johnson*, 557 F.Supp.2d 1066 (N.D.Cal. 2008). At the
14 time Rosales-Martinez filed his § 2255 Motion, he was subject to a supervised release term
15 and thus was in "custody." *Matus-Leva v. United States*, 287 F.3 758 (9th Cir. 2002); *see*
16 *also* 176 A.L.R.Fed. 189. The Court finds it has jurisdiction over this matter.
17
18 *Writ of Coram Nobis*
19     Rosales-Martinez also contests the government's affirmative defenses by asserting that
20 the Court could consider the claims and grant relief by treating the § 2255 Motion as a
21 petition for writ of *coram nobis*. As the Court has determined Rosales-Martinez' § 2255
22 Motion is not premature and this Court has jurisdiction over the matter, the Court declines
23 to address this argument.
24
25     Accordingly, IT IS ORDERED:
26     1.    The government's request to dismiss the Motion to Vacate and Set Aside by
27           Person in Federal Custody Pursuant to 28 U.S.C. § 2255 is DENIED.
28
- 4 -

2. The government's request to file a supplemental answer is GRANTED.

3. The government shall file any supplemental answer on or before April 11, 2014.

4. Rosales-Martinez shall file any supplemental reply on or before May 16, 2014.

DATED this 5th day of February, 2014.

Cindy K. Jorgenson
United States District Judge