**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>PEDRO ROSALES-MARTINEZ,<br><br>  Defendant/Movant. | No. CIV 13-1066-TUC-CKJ<br>CR 06-1449-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Motion to Vacate and Set Aside by Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Doc. 1). A response and reply have been filed. The Court finds it would not be assisted by an evidentiary hearing or oral argument. *See Walker v. Johnston*, 312 U.S. 275, 284 (1941) (where a prisoner is entitled to relief as a matter of law, an evidentiary hearing is not needed); *see also Korematsu v. United States*, 584 F.Supp. 1406 (D.C.Cal. 1984). For the reasons stated herein, the Court will grant the Motion.

I. *Procedural History*

On January 6, 1999, Pedro Rosales-Martinez ("Rosales-Martinez") was ordered removed from the United States due to a DUI conviction. The decision was affirmed by the Board of Immigration Appeals ("BIA"). In late December, 2005, the Department of Homeland Security ("DHS") conceded Rosales-Martinez was no longer removable as charged because the Ninth Circuit had determined that an Arizona DUI conviction was not a crime of violence and, therefore, not an aggravated felony – DHS sought to reopen the proceedings. The BIA granted the motion to reopen in order to vacate the prior removal

1  order and terminate the proceedings, but declined to remand the proceedings for a rehearing.

2  On February 22, 2006, new removal proceedings were initiated against
3  Rosales-Martinez. The new Notice to Appear alleged Rosales-Martinez was subject to
4  removal as an aggravated felon based on a 1998 attempted burglary conviction. The
5  Immigration Judge ("IJ") ruled against Rosales-Martinez's argument that the principles of
6  *res judicata* barred DHS from seeking to remove him a second time. The IJ found that
7  Rosales-Martinez was convicted within the burglary statutes for an unlawful or unprivileged
8  entry pursuant to *Taylor v. United States*, 495 U.S. 575 (1990) and ordered Rosales-Martinez
9  be removed from the United States because of his attempted burglary conviction. The BIA
10 agreed that *res judicata* did not apply and affirmed the IJ's decision to remove Rosales-
11 Martinez. Rosales-Martinez did not file a direct appeal of the BIA's decision.

12 On June 14, 2006, Rosales-Martinez was removed from the United States through
13 Nogales, Arizona.

14 On July 24, 2006, Rosales-Martinez was arrested; he was charged with illegal reentry
15 after deportation. An Expedited Order of Removal was issued on July 25, 2006.

16 On August 23, 2006, Rosales-Martinez was indicted on one count of Attempted Re-
17 Entry after Deportation in violation of 8 U.S.C. § 1326, enhanced by 8 U.S.C. § 1326(b)(2),
18 in CR 06-1449. On December 21, 2006, trial counsel for Rosales-Martinez filed a motion
19 to dismiss the indictment alleging that the January 6, 1999 order of removal against the
20 defendant was vacated by the BIA. A memorandum from an Immigration Expert was
21 attached in support of the motion to dismiss. In response, the government argued that the
22 order of removal that supported the allegations in the indictment was based on the valid 2006
23 removal order, and not the original order that had been vacated. Attaching an additional
24 memorandum from the expert, trial counsel for Rosales-Martinez withdrew the motion to
25 dismiss. This second memorandum indicated that the expert would like to see documents
26 concerning Rosales-Martinez's attempted burglary conviction because an argument as to
27 whether Rosales-Martinez was an aggravated felon could exist. However, trial counsel did

28

1 not provide the expert with judicially noticeable documents regarding the attempted burglary
2 conviction. Motion, Doc. 1-2, Ex. 1, 8/13/13 Aff. of Counsel, p. 4 of 32. Further, counsel
3 did not conduct any independent pre-trial research as to whether the attempted burglary
4 conviction qualified as an aggravated felony. *Id.* at 5 of 32. The expert provided additional
5 analysis and memoranda to trial counsel, ultimately concluding "Mr. Rosales-Martinez was
6 convicted of a burglary that meets the federal definition of 'burglary' and was sentenced to
7 more than one year, he is an aggravated felon." Response, Doc. 13, Ex. 2/25/07 Memo of
8 Expert. The matter proceeded to a bench trial on April 17, 2007. This Court found Rosales-
9 Martinez guilty.

10 After imposing a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii)
11 based on Rosales-Martinez's conviction for attempted burglary in violation of A.R.S. §
12 13-1507, on October 23, 2007, this Court sentenced Rosales-Martinez to a term of sixty-five
13 (65) months in the custody of the Bureau of Prisons to be followed by a thirty-six (36) month
14 term of supervised release. An appeal was filed.

15 The Ninth Circuit Court of Appeals issued its ruling on December 21, 2011. The
16 court determined Rosales-Martinez's Arizona conviction for attempted burglary is not
17 categorically a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii).[1] That court further
18 determined that the documents considered by this Court under the modified categorical
19 approach "do not establish that Rosales-Martinez formed the intent to commit the burglary
20 before entering the structure, or that his entry was unlawful or unprivileged, or that he
21 burgled an immovable structure." Reply, Ex. 1, Doc. 6, pp. 2-3. The matter was vacated and
22 remanded. On April 9, 2012, at the government's request, the appellate court amended its

---

[1] The court cited *United States v. Bonat*, 106 F.3d 1472 (9th Cir. 1997), which was issued before Rosales-Martinez's removal proceedings, in reaching its conclusion that the attempted burglary conviction did not then categorically qualify as a crime of violence under §2L1.2(b)(1)(A) since Arizona defined burglary more broadly than the federal generic definition of burglary.

1 December 21, 2011, Memorandum to replace "vacated and remand" with "affirmed." The mandate was issued on January 24, 2013.

On January 30, 2013, after the Memorandum had been amended to reflect the matter was affirmed, this Court ordered that Rosales-Martinez "and/or his attorney may apply to this Court to vacate his sentence and resentence him consistent with the decision of the Ninth Circuit Court of Appeals if [Rosales-Martinez] is available for resentencing." Doc. 73. On April 19, 2013, this Court set this matter for a re-sentencing hearing and directed counsel for the government to coordinate with defense counsel to parole Rosales-Martinez into the United States for his re-sentencing. On September 11, 2013, Rosales-Martinez was re-sentenced to a term of fifteen (15) months incarceration, with credit for time served. No appeal was filed.

On June 14, 2010, while his appeal was pending, Rosales-Martinez filed a motion with the BIA to reopen the immigration proceedings based on *res judicata* and *Bravo-Pedroza v. Gonzales*, 475 F. 3d 1358 (9th Cir. 2007); he requested the final order of removal entered July 2006 be vacated. On July 27, 2010, the BIA issued its decision denying the motion to reopen as untimely, and declined to exercise its discretion to reopen the proceedings *sua sponte*. Factors considered by the BIA included the motion was principally based on *Bravo-Pedroza*, which was decided after Rosales-Martinez had already unlawfully reentered the United States, the motion to reopen was filed three years after the change in case law upon which Rosales-Martinez relied, the case did not affect Rosales-Martinez's underlying removability on the pertinent charge, and Rosales-Martinez was found removable based on his 1998 Arizona attempted burglary conviction which had not been vacated. Response, Ex. 5, July 27, 2010 BIA decision, Doc. 13-1, pp. 43-44 of 91.

On May 12, 2012, Rosales-Martinez filed a second motion to reopen the 2006 immigration proceedings. On September 7, 2012, the BIA, determining the second motion to reopen was time barred, number barred, and no showing had been made to excuse the late filing, declined to exercise its discretionary *sua sponte* discretion to reopen the proceedings.

- 4 -

1 Response, Ex. 7, September 7, 2012 Order, Doc. 13-1, p. 79 of 91.

2 On September 5, 2013, prior to the re-sentencing, Rosales-Martinez filed a Motion to Vacate and Set Aside by Person in Federal Custody Pursuant to 28 U.S.C. § 2255. A response raising affirmative defenses and a reply were filed. On February 7, 2014, this Court issued an Order denying the government's request to dismiss the Motion to Vacate and Set Aside by Person in Federal Custody Pursuant to 28 U.S.C. § 2255 and directed the filing of a supplemental answer and a supplemental reply.

On June 10, 2014, the government filed its supplemental response and, on July 28, 2014, Rosales-Martinez filed a supplemental reply.

II. *Legal Standard*

The statute governing habeas review of a federal conviction provides four grounds that justify relief for a federal prisoner who challenges the fact or length of his detention: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

III. *Res Judicata*

Rosales-Martinez argues that his 2006 removal is invalid because the Ninth Circuit has held that "res judicata bars the Secretary of Homeland Security … from initiating a second deportation case on the basis of a charge that he could have brought in the first case, when, due to a change of law that occurred during the course of the first case, he lost the first case." *Bravo-Pedroza*, 475 F.3d at 1358. Rosales-Martinez asserts that, by failing to allege the attempted burglary conviction in the 1999 removal proceedings, DHS should have been barred from alleging the attempted burglary conviction as a basis for removal in 2006.

While the government does not dispute this, the government argues that *res judicata*

- 5 -

bars Rosales-Martinez from raising this claim in this proceeding. However, the Supreme Court "has consistently relied on the equitable nature of habeas corpus to preclude application of strict rules of res judicata." *Schlup v. Delo*, 513 U.S. 298 (1995). Rather, the Court has developed an equitable inquiry which considers cause, prejudice, and a miscarriage of justice. *Id*. at 320-322. Because the government does not address the merits of Rosales-Martinez's argument, the Court accepts this non-response to the merits as agreement with Rosales-Martinez's argument. Moreover, the Ninth Circuit has stated:

> Such an individual is in effect being criminally punished for the government's legal mistake. To maintain via enforcement proceedings the finality of an otherwise proper removal order is one thing; to impose criminal sanctions under these circumstances is quite another.[3]
>
> [3]We note that a determination by this Court on collateral review that a noncitizen's conviction was not for a federal aggravated felony offense would not affect the finality of the prior removal. *See* 8 C.F.R. § 1003.23(b)(1). It could, however, have other immigration consequences. *See, e.g.*, 8 U.S.C. § 1182(h).

*United States v. Aguilera-Rios*, 769 F.3d 626, 633 (9th Cir. 2014). The Court finds *res judicata* does not prohibit Rosales-Martinez from raising the claims in this habeas proceeding.

IV. *Due Process Clause*

"In a criminal prosecution under § 1326, the Due Process Clause of the Fifth Amendment requires a meaningful opportunity for judicial review of the underlying deportation." *United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998) (cert. denied, 525 U.S. 849 (1998)). "A defendant charged with illegal reentry under 8 U.S.C. § 1326 has a Fifth Amendment right to collaterally attack his removal order because the removal order serves as a predicate element of his conviction. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004) (citing *United States v. Mendoza-Lopez*, 481 U.S. 828, 837-38 (1987) ("Our cases establish that where a determination made in an administrative proceeding is to play a critical role in the subsequent

1  imposition of a criminal sanction, there must be some meaningful review of the
2  administrative proceeding.").

3     A collateral attack of a deportation order requires that an alien demonstrate:

4        (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
5        (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
6        (3) the entry of the order was fundamentally unfair.

7  8 U.S.C. § 1326(d).  "An underlying removal order is 'fundamentally unfair' if: '(1) [a
8  defendant's] due process rights were violated by defects in his underlying deportation
9  proceeding, and (2) he suffered prejudice as a result of the defects.'  *Ubaldo-Figueroa*, 364
10 F.3d at 1048 (quoting *Zarate-Martinez*, 133 F.3d at 1197).  "If [Rosales-Martinez] 'was
11 removed when he should not have been,' his [2006] removal was fundamentally unfair, and
12 he may not be convicted of reentry after deportation."  *Aguilera-Rios*, 769 F.3d at 630
13 (*quoting United States v. Camacho–Lopez*, 450 F.3d 928, 930 (9th Cir.2006)).

14

15 A.  *Exhaustion*

16     An alien is barred under 8 U.S.C. § 1326(d) from collaterally attacking his underlying
17 removal order as a defense to a § 1326 charge "if he validly waived the right to appeal that
18 order during the deportation proceedings."  *United States v. Muro-Inclan*, 249 F.3d 1180,
19 1182 (9th Cir. 2001) (cert. denied, 534 U.S. 879 (2001)).  The exhaustion requirement of 8
20 U.S.C. § 1326(d), however, "cannot bar collateral review of a deportation proceeding when
21 the waiver of right to an administrative appeal did not comport with due process."  *Id.* at
22 1183-84.  A waiver of the right to appeal a removal order does not comport with due process
23 when it is not "considered and intelligent."  *Id.*  It is "mandatory" under the Due Process
24 Clause that an Immigration Judge inform an alien of his or her ability to appeal a removal
25 order during a removal proceeding. *Ubaldo-Figueroa*, 364 F.3d at 1048 (*citing United States*
26 *v. Arce-Hernandez*, 163 F.3d 559, 563 (9th Cir.1998)).

27     The government argues Rosales-Martinez was afforded every opportunity for judicial

28

1 review of his removal order – he did appeal to the BIA (although he did not raise this issue),
2 but chose not to appeal the BIA's decision and his removal to the Ninth Circuit. *See e.g.*,
3 *United States v. Adame-Orozco*, 607 F.3d 647, 650 (10th Cir. 2010) (noting that defendant
4 was not denied opportunity for review when he appealed IJ's decision to BIA, and chose not
5 ". . . to pursue an appeal of the BIA's decision in federal court"). Rather, Rosales-Martinez
6 sought untimely judicial review by filing the motions to reopen.

7 Rosales-Martinez asserts, however, that the IJ's erroneous advice that Rosales-
8 Martinez had an aggravated felony subjecting him to removal and was not eligible for relief
9 from removal rendered invalid Rosales-Martinez's failure to fully exhaust to the BIA and
10 seek subsequent review in the Ninth Circuit. *Aguilera-Rios*, 769 F.3d at 632-33 (discussing
11 IJ's advice to alien as to whether he is removable). Further, Rosales-Martinez distinguishes
12 *Adame-Orozco*, relied upon by the government, as involving a case in which the alien had
13 not been given erroneous advice from the IJ.

14 In effect, Rosales-Martinez is arguing that he would have raised additional issues and
15 sought review to the Ninth Circuit if the IJ had not provided erroneous advice to him. CR
16 06-1449-CKJ-JCG, Response to Motion to Dismiss Indictment, Ex. 8, Tr. of March 16, 2006,
17 Removal Proceedings, Doc. 20-1, pp. 40 - 42, 44 of 56. Indeed, the IJ advised Rosales-
18 Martinez, "You're not eligible for withholding of removal because you have been sentenced
19 to five years for an aggravated felony, which means that it is a particularly serious crime."
20 *Id*. at 41 of 56. Rosales-Martinez was also advised that he was not "eligible for cancellation
21 of removal, based on the facts that [he had] an aggravated felony . . . And you're not eligible
22 for voluntary departure, for the same reason, in that aggravated felony." *Id*. at 41-42 of 56.
23 The IJ also advised Rosales-Martinez he was "not eligible for a 212(h) waiver, based on
24 [his]conviction for an aggravated felony." *Id*. at 44 of 56. Lastly, the IJ summarized, "So
25 you're not eligible to remain in the United States. I've looked at all the forms of relief." *Id*.
26 Because of the erroneous advice of the IJ, Rosales-Martinez was deprived of a meaningful
27 opportunity for judicial review. *Camacho-Lopez*; *United States v. Pallares-Galan*, 359 F.3d

28

1088 (9th Cir. 2004). Thus, although Rosales-Martinez raised some issues to the BIA, Rosales-Martinez is exempted from the exhaustion bar because his waiver of his right to fully appeal was not sufficiently "considered and intelligent" under the Due Process Clause of the Fifth Amendment. *See e.g.*, *United States v. Gonzalez-Flores*, — F.3d. —, 2015 WL 3540928 *3 (9th Cir. 2015); *United States v. Lopez–Vasquez*, 1 F.3d 751, 753–54 (9th Cir.1993) (en banc); *see also United States v. Gonzalez–Mendoza*, 985 F.2d 1014, 1017 (9th Cir.1993)(finding a due process violation where immigration judge failed to inquire whether right to appeal was knowingly and voluntarily waived).

Because he is exempted from the exhaustion bar, the Court finds Rosales-Martinez has established the first prong of a collateral attack on a deportation order.

B. *Deprivation of Judicial Review*

To sustain a collateral attack on his removal order, Rosales-Martinez would have also had to demonstrate that the "deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review." 8 U.S.C. § 1326(d)(2). As previously stated, Rosales-Martinez was deprived of the opportunity for meaningful judicial review because Rosales-Martinez's waiver of his right to appeal was not sufficiently "considered and intelligent." *Zarate-Martinez*, 133 F.3d at 1197; *Garcia v. Lynch*, — F.3d — , 2015 WL 2385402 *6 (9th Cir. 2015) (*citation omitted)* (where IJ incorrectly advised alien that no relief was available, alien's "waiver of his right to appeal was not considered and intelligent.").

The Court finds Rosales-Martinez has established the second prong of a collateral attack on a deportation order.

C. *Prejudice*

To establish prejudice, Rosales-Martinez must only show that he had a "plausible ground for relief from deportation rather than show that he actually would have been granted

- 9 -

relief. *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000). The government argues that Rosales-Martinez cannot show he was prejudiced because this matter "has no bearing on his removed status due to the existence of a third, subsequent expedited removal order that has been executed against [Rosales-Martinez]." Response, Doc. 13, p. 19. The government stated:

> On May 10, 2011, and upon his release from the Bureau of Prisons after serving his sentence for the illegal reentry conviction in CR-06-1449-TUC-CKJ, Rosales-Martinez was again removed from the United States to Mexico pursuant to the July 25, 2006 expedited order of removal. (Exhibit 9, Expedited Removal I-296 dated May 10, 2011).

*Id.*, Doc. 13, p. 7. The government does not address how the validity of the third expedited removal is affected by a determination that the 2006 order of removal is not valid. Further, as the Court has recognized *infra*, the Ninth Circuit has stated:

> Such an individual is in effect being criminally punished for the government's legal mistake. To maintain via enforcement proceedings the finality of an otherwise proper removal order is one thing; to impose criminal sanctions under these circumstances is quite another.

*Aguilera-Rios*, 769 F.3d at 633 (*footnote omitted*).

Here, Rosales-Martinez would not have been subject to removal because the attempted burglary conviction did not qualify as an aggravated felony. "As [Rosales-Martinez] 'was removed when he should not have been,' he 'clearly suffered prejudice.'" *Aguilera-Rios*, 769 F.3d at 637 (*quoting Camacho–Lopez*, 450 F.3d at 930).

The Court finds Rosales Martinez has established prejudice, the third prong of a collateral attack on a deportation order. Because the parties do not dispute the facts as to Rosales-Martinez's due process claim, the Court determines as a matter of law that Rosales-Martinez has established a due process violation. Although an evidentiary hearing may generally be appropriate to establish a habeas claim, 28 U.S.C. § 2255, where a prisoner is entitled to relief as a matter of law, an evidentiary hearing is not needed. *Walker*, 312 U.S. at 284. The Court will grant Rosales-Martinez relief as to his claim that his due process rights were violated.

- 10 -

V. *Ineffective Assistance of Counsel*

To prevail on a claim of ineffective assistance of counsel, Rosales-Martinez must satisfy a two prong test, demonstrating: (1) deficient performance, such that counsel's actions were outside the wide range of professionally competent assistance, and (2) that Rosales-Martinez was prejudiced by reason of counsel's actions. *Strickland v. Washington*, 466 U.S. 668, 686-90 (1984). "Failure to satisfy either prong of the Strickland test obviates the need to consider the other." *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002). The Court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of the counsel's conduct." *Strickland*, 466 U.S. at 690. When conducting this analysis, "[j]udical scrutiny of counsel's performance must be highly deferential." *Id*. at 689. Analysis of prejudice, on the other hand, focuses on whether the result of the proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

A. *Performance of Counsel*

Rosales-Martinez asserts that trial counsel was ineffective because he withdrew his motion to dismiss, relying on the immigration expert despite having failed to provide requested documentation regarding the attempted burglary conviction to the expert and because he did not seek dismissal based on a collateral attack on Rosales-Martinez's deportation as discussed herein. *See e.g.*, *Lankford v. Arave*, 468 F.3d 578, 584, 585 (9th Cir. 2006) (counsel was ineffective where he had "a misunderstanding of the law" regarding a jury instruction, which resulted from "simply overlook[ing] important differences between Idaho law and federal law"); *Burdge v. Belleque*, 290 Fed.Appx. 73, 77, 78 (9th Cir. 2008) (counsel was ineffective because "a lawyer exercising reasonable professional skill and judgment would have recognized" Oregon's habitual offender enhancement was ambiguous, and did not "conduct[] even minimal research" from which "he would likely have discovered" interpretations favorable to defendant regarding other states' similar statutes).

- 11 -

Indeed, Rosales-Martinez asserts an attack on the prior deportation was the most important defense to the charge – counsel should have conducted his own research and/or provided all needed information to the expert.

The government argues that trial counsel acted reasonably in hiring an immigration expert and relying on her conclusions instead of conducting his own research. The government points out that the failure to investigate does not necessarily constitute a finding of ineffective assistance of counsel. *See Strickland*, 466 U.S. at 690-91. Where counsel has conducted a less than thorough investigation, counsel's decisions are ". . . reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id*. at 691. This review "includes a context-dependent consideration of the challenged conduct as seen 'from counsel's perspective at the time.'" *Murray v. Schriro*, 745 F.3d 984, 1011 (9th Cir. 2014) (*quoting Wiggins v. Smith*, 539 U.S. 510, 523 (2003) (*internal citation omitted*)). Further, citing an unpublished case, the government asserts that following the advice of a retained expert is reasonable.

The Ninth Circuit has stated:

> Defense counsel has a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691, 104 S.Ct. 2052. This includes a duty to investigate the defendant's "most important defense," [*Sanders v. Ratelle*, 21 F.3d 1446, 1457 (9th Cir. 1994)], and a duty adequately to investigate and introduce into evidence records that demonstrate factual innocence, or that raise sufficient doubt on that question to undermine confidence in the verdict. *Hart v. Gomez*, 174 F.3d 1067, 1070 (9th Cir.1999). However, "the duty to investigate and prepare a defense is not limitless: it does not necessarily require that every conceivable witness be interviewed." *Hendricks v. Calderon*, 70 F.3d 1032, 1040 (9th Cir. 1995) (citations and quotations omitted) . . . Furthermore, "ineffective assistance claims based on a duty to investigate must be considered in light of the strength of the government's case." *Eggleston v. United States*, 798 F.2d 374, 376 (9th Cir.1986).

*Bragg v. Galaza*, 242 F.3d 1082, 1088 (9th Cir. 2001).

As asserted by Rosales-Martinez, the only defense he had was that the removal proceeding was invalid. Trial counsel had a duty to investigate that defense. The government's assertion that trial counsel was reasonable in relying on the immigration expert fails to acknowledge that trial counsel apparently ignored the immigration expert's statement

1  that the underlying documents regarding the attempted burglary conviction could establish
2  a question as to whether Rosales-Martinez's removal proceeding was invalid. While it may
3  generally have been reasonable to rely on an immigration expert, in this case, where counsel
4  ignored the expert's request, the reliance was not reasonable.[2] Alternatively, trial counsel's
5  conduct would have been reasonable if he researched the issue after failing to provide the
6  documents to the expert; however, trial counsel failed to do this.

The Court recognizes that the classification of prior offenses can be a difficult analysis. *See e.g. United States v. Gonzalez-Aparicio*, 663 F.3d 419 (9th Cir. 2011). In this case, the Court, government counsel, and the probation officer who prepared the pre-sentence report also failed to recognize that Rosales-Martinez's conviction was not an aggravated felony at sentencing. However, as the defense attorney, counsel had a unique relationship with Rosales-Martinez and it was counsel's responsibility to advocate for his client. This includes researching the issues prior to the trial and/or, after deciding to obtain the services of an expert, providing her with documents she requested.

The Court finds trial counsel's conduct was deficient in this case.

B. *Prejudice by Reason of Counsel's Actions*

Rosales-Martinez asserts that, if trial counsel had provided effective assistance, he

---

[2] Rosales-Martinez argues that "for a criminal defense attorney to provide minimally competent representation of a defendant charged with illegal reentry, under 8 U.S.C. § 1326(a), he must be familiar with the principles of the *Taylor* categorical analysis and engage in the legal research and factual investigation required by it to determine the nature of any prior conviction the defendant may have." Reply, Ex. 6, July 24, 2014 Mircheff Aff., Doc. 16-1, p. 11 of 15. Further, where a defense attorney obtains an expert opinion on immigration issues, Rosales-Martinez argues competent counsel should review the analysis to ensure "it matches counsel's "own research or understanding of the issue given that it is within the expertise of every criminal defense attorney who practices in federal court[.]" (*Id.*) Because this case also involved conduct of counsel's ignoring the request for additional information from the expert, the Court declines to address whether this conduct alone, as argued by Rosales-Martinez, establishes ineffective assistance of counsel.

- 13 -

1 would have provided the documentation to the immigration expert and obtained an opinion
2 that the attempted burglary conviction was not an aggravated felony or would have
3 conducted his own legal research to reach that conclusion. Rosales-Martinez asserts the
4 charges in CR 06-1449 would have been dismissed or he would not have been convicted.

The government asserts, however, that Rosales-Martinez was not prejudiced by trial counsel's deficient conduct. To the extent the government asserts that this proceeding has no effect on the removal proceedings, the Court agrees with Rosales-Martinez that such arguments are not relevant in this proceeding. Rather, the inquiry is whether attacking the underlying removal order would have been successful in the underlying criminal case. In other words, the inquiry as to whether Rosales-Martinez was prejudiced by trial counsel's conduct conflates with Rosales-Martinez's argument that the removal order, which is a predicate element of the offense for which Rosales-Martinez was convicted, was obtained in violation of his due process rights. The indictment in the criminal case relied upon an invalid removal order. Had a motion to dismiss, collaterally attacking the deportation, been filed in the criminal case, the Court would have granted it. In other words, Rosales-Martinez has been prejudiced by counsel conduct in the criminal proceeding.

As the Court has determined *infra* that Rosales-Martinez's due process rights were violated during the removal proceeding, it is established that Rosales-Martinez was prejudiced by the ineffective assistance of counsel. This conclusion is reached based on undisputed material facts. The Court, therefore, will not set this matter for a hearing, but will grant the requested relief.

Accordingly, IT IS ORDERED:

1. Rosales-Martinez's Motion to Vacate and Set Aside by Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (CV 13-1066, Doc. 1; CR 06-1449, Doc. 94) is GRANTED.

2. Rosales-Martinez's judgment and conviction as set forth in CR 06-1449, Doc.

- 14 -

1  98, for a violation of Title 8, U.S.C. §1326(a), Attempted Illegal Re-Entry after Deportation,
2  with sentencing enhancement pursuant to Title 8, U.S.C. §1326(b)(1), is hereby VACATED.

3      3.    The Clerk shall prepare an Amended Judgment in CR 06-1449 reflecting the
4  dismissal of the Attempted Illegal Re-Entry after Deportation charge.

5      4.    The Clerk of the Court shall enter judgment and shall then close its file in
6  Cause No. CV 13-1066.

7      DATED this 16th day of June, 2015.

*(signature)*
Cindy K. Jorgenson
United States District Judge